IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. MISKE, JR., *et al*.,<br><br>Defendants. | Case No. 19-cr-00099-DKW-KJM-1<br><br>**ORDER OVERTURNING DECISION OF U.S. MAGISTRATE JUDGE RELATING TO THE PRODUCTION OF 18 CELLULAR TELEPHONES** |

The government appeals a December 7, 2022 discovery ruling of the assigned Magistrate Judge ordering the government to produce to Defendants in this case 18 cellular telephones in the government's possession ("Magistrate Judge Order"). Dkt. No. 682.[1]

The government argues that (1) the Magistrate Judge Order was based upon "erroneous information" supplied by Defendants, (2) the cellular telephones at issue here are available for inspection and copying at a Federal Bureau of Investigation (FBI) Field Office, rendering physical surrender of those phones unnecessary, and (3) surrender of the cellular telephones may lead to evidentiary issues at trial. In a joint opposition, Defendants respond that they are entitled to

---

[1] Pursuant to 28 U.S.C. Section 636(b)(1)(A), with certain exceptions not applicable here, a district court may reconsider the decision of a Magistrate Judge on a pretrial matter, such as a discovery ruling, only when the decision is clearly erroneous or contrary to law.

extract all available data from the cellular telephones, copying the cellular telephones at the FBI Field Office would "double" the cost of doing so, and the Magistrate Judge provided the government with an opportunity to raise any evidentiary issues, but it instead chose to appeal.

Having reviewed the parties' briefs and evidentiary submissions, it is unnecessary for this Court to address all of the arguments raised in order to resolve the essence of this appeal. At its core, this appeal concerns *where* Defendants and their expert(s) should inspect and copy the 18 cellular telephones at issue. Upon careful consideration of the parties' arguments, the Court finds that it is most appropriate in this instance for the cellular telephones to be inspected and copied at the FBI's Field Office, rather than at some other site.

The reasons are three-fold. First, the cellular telephones are already in the government's possession. In fact, this is precisely why Defendants are entitled to inspect and copy them. *See* Federal Rule of Criminal Procedure 16(a)(1)(E) (allowing a defendant, upon request, to inspect and copy data and tangible objects if the data or object is "within the government's possession, custody, or control"). The only reason Defendants provide for disturbing this state of possession is the alleged cost associated with their expert(s) performing the inspection and copying at the FBI Field Office. Other than stating that the cost will be "double",

however, Defendants provide no explanation for why trips to the FBI Field Office in Kapolei will result in such an increase, nor do they place this cost into any meaningful context given the likely already extensive cost of discovery in this four-year-old case.[2]  The Court, therefore, does not find this argument to be persuasive.

Second, the evidence submitted with the parties' briefs reflects that inspecting and copying the cellular telephones at the FBI Field Office is simply returning the parties to their original understanding.  Notably, in an email dated October 31, 2022, counsel for one of the Defendants stated that she wished to organize an inspection of the cellular telephones "at the FBI office in Kapolei." 10/31/22 Email from Cynthia Kagiwada to Michael Nammar, Dkt. No. 706-3 at 1-2.  A month later, after an exchange of correspondence, an attorney for the government asked Ms. Kagiwada when she would like to copy the cell phones "at the FBI" Field Office.  11/30/22 Email from Michael Nammar to Cindy

---

[2] At the December 7, 2022 hearing before the Magistrate Judge, counsel for one of the Defendants stated that it would "take hours and hours and be very expensive if we have to go to FBI and copy the phones."  12/7/22 Hearing Transcript at 11:16-17, Dkt. No. 713.  Counsel further stated that the expert estimated copying the phones could take between 90-126 hours. *Id*. at 23.  It is unclear whether the latter estimate is the time to copy the cell phones at the FBI Field Office, at some other site, or both.  Whatever the case, there is still no explanation as to why going to the FBI Field Office will add an apparently untold number of hours to the copying of the cellular telephones.  As far as the Court can tell, the time to actually *copy* the cellular telephones should be similar whether done at the Field Office, a site of Defendants' choosing, or elsewhere.

Kagiwada, Dkt. No. 682-3 at 1.  Counsel's response the next day gave no indication that she would like to copy the cellular telephones at some other location.  12/1/22 Email from Cindy Kagiwada to Michael Nammar, Dkt. No. 682-3 at 1.  Put simply, in not one of the emails related to the copying of the cellular telephones did the parties act as if they thought the telephones would be copied in any place other than the FBI Field Office−by this Order, the Court is simply returning them to that place of understanding.[3]

Finally, although the government highlights a parade of horribles that may transpire if Defendants take possession of the cellular telephones at issue, horribles the likelihood of which occurring may be minimal, the point remains that there is no need to risk creating such evidentiary problems solely to save a few dollars.  On balance, the appropriate outcome here is to allow Defendants to inspect and copy the cellular telephones at the FBI Field Office.

For these reasons, and limited to the extent described herein, the Court finds the Magistrate Judge's decision ordering the physical surrender of the 18 cellular

---

[3] As far as the Court can tell, the first time Defendants asked for the cellular telephones to be copied at a different location was at the December 7, 2022 hearing before the Magistrate Judge. *See* 12/7/22 Tr. at 11:18-24.  It is not clear to the Court, however, why Defendants were not able to raise the objection made at the hearing−cost−when emailing with the government about arranging a time and place to copy the telephones, given that Defendants appear to have retained an expert by the time of the first email on October 31, 2022.  *See* Dkt. No. 706 at 6 n.7.

telephones at issue here to be clearly erroneous and overturns the same. The Court ORDERS that, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), the government shall allow Defendants in this case to inspect and copy the 18 cellular telephones at issue at the FBI Field Office in Kapolei. The government shall allow said inspection and copying to take place expeditiously from entry of this Order, upon terms and conditions set by the assigned Magistrate Judge.

    IT IS SO ORDERED.

    Dated: January 6, 2023 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge