IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. MISKE, JR.,  (1)<br>JOHN B. STANCIL,  (2)<br>DAE HAN MOON,  (5)<br>PRESTON M. KIMOTO,  (6)<br>JARRIN K. YOUNG,  (11)<br>DELIA FABRO-MISKE,  (12)<br>JASON K. YOKOYAMA,  (13)<br><br>Defendants. | Case No. 19-cr-00099-DKW-KJM<br><br>**ORDER DENYING MOTION TO SEVER COUNTS 21 AND 22 OF THE THIRD SUPERSEDING INDICTMENT** |

On January 30, 2023, Defendant Michael J. Miske moved to sever Counts 21 and 22 of the Third Superseding Indictment, Dkt. No. 748, both of which charge him with obstructing justice, in violation of 18 U.S.C. Section 1512(c)(2), by allegedly causing false character letters to be submitted to this Court in connection with his August 2020 pretrial release hearing. Miske argues that Counts 21 and 22 should be severed in order to avoid prejudice from the potential disqualification of his counsel and due to the government's "unreasonable" delay in bringing said charges. The other Defendants in this case have all joined in the motion to sever. Dkt. Nos. 751, 760, 768. The government opposes severance, arguing that Counts

21 and 22 are "inextricably intertwined" with the charged conspiracy against Defendants in Count 1 and severing those charges will not ameliorate the alleged bases for disqualifying Miske's defense counsel.

Having considered the parties' briefs, supporting evidence, and the arguments of counsel at a February 10, 2023 hearing on the motion to sever, the Court DENIES the motion for the following reasons. First, the Court finds that, under Federal Rule of Criminal Procedure 8(b) ("Rule 8(b)"), Counts 21 and 22 have been properly charged in the Third Superseding Indictment because they are part of the "same series of acts or transactions" that make up the charged racketeering conspiracy. Specifically, there is a "logical relationship" between the alleged racketeering activities and Miske's alleged attempt to evade pretrial detention for those activities. Second, the Court finds that, under Federal Rule of Criminal Procedure 14(a) ("Rule 14(a)"), there is no prejudice to Defendants in joining Counts 21 and 22, let alone the "manifest" prejudice that is necessary, in part, because disqualification of counsel is no longer an issue. Therefore, as more fully explained below, the motion to sever, Dkt. No. 748, is DENIED.

## RELEVANT PROCEDURAL BACKGROUND

On July 15, 2020, Miske was arrested and detained after the filing of a Superseding Indictment against him and various other individuals. Dkt. Nos. 3,

80. At that time, the government filed a motion to detain Miske without bail pending trial ("motion to detain"). Dkt. No. 22. On August 7, 2020, Miske filed an opposition to the motion to detain. Dkt. No. 141. Among other things, attached to the opposition were various character letters, including ones from Kurt Nosal and Larry Kapu. Dkt. No. 141-4. On August 11, 2020, a hearing was held before the assigned U.S. Magistrate Judge on the motion to detain. The Magistrate Judge granted the motion and, in so doing, ordered Miske's detention. Dkt. No. 144.

Over two years later, on December 8, 2022, the government filed a Third Superseding Indictment ("TSI") against Miske and the Defendants that have joined in the motion to sever.[1] Dkt. No. 673. The TSI is a 22-count indictment. Principally, therein, Miske and the Other Defendants are charged with conspiring to engage in a pattern of racketeering activity consisting of, *inter alia*, murder, kidnapping, arson, robbery, drug trafficking, money laundering, and obstruction of justice. This conspiracy is alleged to have occurred from at least the late 1990's until approximately June 2020. In both Counts 21 and 22 of the TSI, Miske alone is charged with obstruction of justice related to the Nosal and Kapu character

---

[1] Those Defendants are John Stancil, Dae Han Moon, Preston Kimoto, Jarrin Young, Delia Fabro-Miske, and Jason Yokoyama (collectively, "the Other Defendants" and, with Miske, "the Defendants").

letters submitted with Miske's opposition to the motion to detain. Specifically, the TSI alleges that Miske caused a person known as "Individual A" to create false character letters in the name of Nosal and Kapu in an attempt to influence the August 11, 2020 detention hearing. The TSI further alleges that, with respect to Count 21, Miske also caused Defendant Delia Fabro-Miske to provide the letter to his counsel.[2]

On January 30, 2023, Miske filed the instant motion to sever, Dkt. No. 748, in which the Other Defendants have joined. Dkt. Nos. 751, 760, 768. The government opposes severance. Dkt. No. 769. Miske and Defendant Dae Han Moon have filed replies. Dkt. Nos. 772, 785. On February 10, 2023, the Court held a hearing on the motion to sever. Dkt. No. 790. This Order now follows.

## LEGAL STANDARDS

**I.** **Rule 8(b)**

In the Ninth Circuit, Rule 8(b) "governs the standard for joining two or more defendants in the same indictment[.]" *United States v. Vasquez-Velasco*, 15 F.3d 833, 843 (9th Cir. 1994). In pertinent part, Rule 8(b) provides that: "The indictment or information may charge 2 or more defendants if they are alleged to

---

[2]Fabro-Miske, however, is not charged in Count 21.

have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed.R.Crim.P. 8(b).

"Because the goal of Rule 8(b) is to maximize trial convenience and efficiency with a minimum of prejudice, Rule 8(b) is construed liberally in favor of joinder." *United States v. Sarkisian*, 197 F.3d 966, 975 (9th Cir. 1999) (alteration, quotations, and citations omitted). The Ninth Circuit has explained that the term "transactions" has a "flexible meaning" and the existence of a "series" "depends upon the degree to which the events are related." *Id*. at 976 (quotation omitted). In that regard, courts look for a "logical relationship" between two or more offenses in determining whether they are part of the "same series of acts or transactions constituting an offense[.]" *Id*. at 975. A logical relationship may be shown when, *inter alia*, "one criminal activity naturally flows from separate criminal conduct" or when "all the criminal activities logically fall under the umbrella of one big conspiracy." *Id*. at 976.

II.  **Rule 14(a)**

Rule 14(a) "governs the severance of both defendants and charges[]" and "recognizes that even when counts are properly joined under Rule 8(b), severance of the counts may be appropriate to avert prejudice to a defendant." *Vazquez-*

5

*Velasco*, 15 F.3d at 845.[3]  A district court has "wide discretion" in ruling on a severance motion.  *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1209 (9th Cir. 1991).  "The party seeking reversal of a decision denying severance has the burden of proving clear, manifest, or undue prejudice from the joint trial, that violates one of his substantive rights, so that the prejudice is of such magnitude that the defendant was denied a fair trial."  *Id*. (quotations omitted).

## DISCUSSION

Miske moves for severance under Rule 14(a), while, in their joinders, the Other Defendants rely on both Rule 8(b) and Rule 14(a).  The Court addresses the applicability of both Rules below.

### I.  Rule 8(b)

The Other Defendants argue that Counts 21 and 22 are not part of the same series of acts or transactions as Counts 1-20 for purposes of Rule 8(b).  Dkt. No. 751 at 3-5; Dkt. No. 760 at 3-4.  The Other Defendants argue that they are not charged in Counts 21-22, and the August 11, 2020 detention hearing occurred two months after the end of the alleged racketeering conspiracy charged in Count 1.

---

[3]Specifically, Rule 14(a) provides that: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed.R.Crim.P. 14(a).

6

The Court disagrees with these contentions for several reasons. As an initial matter, although the Other Defendants assert that Counts 21 and 22 are not part of the same series of transactions as Counts 1-20, at no point do they even explain the meaning of "transactions" under Ninth Circuit case law or acknowledge the "logical relationship" test. Application of the "flexible" "transactions" standard, though, reflects that Counts 21 and 22 are logically related to at least the racketeering conspiracy charged in Count 1. As explained above, a "logical relationship" can exist when "one criminal activity naturally flows from separate criminal conduct" or when "all the criminal activities logically fall under the umbrella of one big conspiracy." *Sarkisian*, 197 F.3d at 976. Based upon the government's theory of Counts 21 and 22, Miske's alleged attempts to obstruct justice "naturally flow" from or "logically fall" under the charged racketeering conspiracy. *See Vazquez-Velasco*, 15 F.3d at 843 n.8 (explaining that a court can "look to whether evidence introduced at trial establishes that joinder was appropriate."); *United States v. Sanchez-Lopez*, 879 F.2d 541, 551 (9th Cir. 1989) ("When considered in light of the government's theory that illegal aliens could thwart United States immigration laws if they can support themselves in this country through the money obtained through smuggling controlled substances, the

controlled substances charges have a logical relationship with the transportation of illegal alien counts.").

Here, the government contends that, at trial, the evidence will show that the filing of the alleged false character letters was part of an effort to allow Miske to continue operating his "flagship criminal racket" while on release. Dkt. No. 769 at 16. The government also contends that evidence of how the alleged racketeering conspiracy operated will be relevant to how and why the alleged false character letters were created. *Id*. at 3 n.6. In addition, although Fabro-Miske is not charged in Count 21, at the very least, Miske is alleged to have used her in his scheme to obstruct justice. In this light, the Court finds that the above-mentioned factors support a "logical relationship" between the alleged racketeering activities in Count 1 and Miske's alleged attempt to evade pretrial detention for those activities in Counts 21-22. *See Sanchez-Lopez*, 879 F.2d at 551; *cf. United States v. Lockhart*, 2017 WL 3471430, at *3 (E.D. Va. Aug. 11, 2017) (citing cases and explaining that courts "routinely hold that charges premised upon a defendant's alleged attempts to conceal his conduct are properly joined with substantive charges arising from that conduct."). Finally, the fact that the Other Defendants are not charged in Counts 21 and 22 is irrelevant. *See* Fed.R.Crim.P. 8(b) ("All defendants need not be charged in each count."). As is the Other Defendants'

reliance on the fact that the August 11, 2020 detention hearing occurred two months after the alleged racketeering conspiracy concluded. As explained, the Rule 8(b) analysis asks whether there is a logical relationship between offenses, not whether one offense occurred entirely during the time span of another.

For these reasons, the Court finds that Counts 21 and 22 are properly joined with the remaining counts in the TSI under Rule 8(b).[4]

## II.  <u>Rule 14(a)</u>

In their severance requests, Defendants' principal argument that prejudice exists is premised upon one of Miske's defense counsel, Lynn Panagakos, being disqualified due to, *inter alia*, her filing the allegedly false character letters. In other words, Defendants contend that, if Panagakos is disqualified due to the joinder of Counts 21 and 22, they would all be prejudiced by her absence. This alleged prejudice is no longer an issue because, concurrently with this Order, the Court is entering an order denying the government's motion to disqualify Panagakos. Therefore, as things stand, the joinder of Counts 21 and 22 has not

---

[4]In their joinders, the Other Defendants suggest that Counts 21 and 22 are improperly joined in the TSI due to purported government "bad faith." Dkt. Nos. 751 at 5-6; Dkt. No. 760 at 5-7. The Other Defendants rely on a decision from the Southern District of New York for this proposition. However, review of that case, *United States v. Camacho*, 939 F. Supp. 203 (S.D.N.Y. 1996), reflects that the court made its "bad faith" determination in the context of its decision under Rule 14 to sever certain charges. *Id*. at 211. The Court, therefore, leaves until the Rule 14(a) analysis, *infra*, the Other Defendants' contention that the government has engaged in bad faith.

resulted in Panagakos being disqualified from this case, and the prejudice Defendants allege does not exist.

Defendants' remaining arguments supporting alleged prejudice are no more persuasive. Notably, based upon the evidence submitted, the Court does not find that the government engaged in "bad faith" or otherwise improperly "delayed" in charging Counts 21 and 22. To suggest such government impropriety, Defendants rely on the government's alleged receipt, in September 2020, of a document production containing an email from Nosal in which he stated that the character letter attributed to him was false. Dkt. No. 748 at 6-7. Defendants also assert that the government was invited to speak with Nosal at this time. However, the government counters that, although it received the production referenced by Defendants in September 2020, it was not until July 2021 that the production was ready for review by government counsel because of the processing employed in this document-intensive case. Dkt. No. 767-1 at 1-2. The government further asserts that it was not until December 2021 that Nosal's email was flagged. Dkt. No. 769 at 10 n.11. In addition, as Defendants acknowledge, the "complete" facts regarding the September 2020 production "remain unknown." Dkt. No. 748 at 8. Moreover, the mere fact that the government could have spoken with Nosal in September 2020 is irrelevant if, as the government contends, it was unaware of his

10

email.  In this light, given that an attorney for the government has declared under penalty of perjury that he "discovered" the Nosal email in December 2021, Dkt. No. 767-1 at ¶ 4, and Defendants' reliance upon unknowns, the Court does not find that Counts 21 and 22 have been brought in bad faith or were improperly delayed based upon the timeline put forward by the government.

The Other Defendants also argue that they will suffer prejudice because "little physical evidence" supports Counts 1-20, while Counts 21-22 involve "at least some physical evidence[,]" which the Other Defendants contend may sway a jury to convict them of other charges.  Dkt. No. 760 at 6.  The Court, however, at this stage, is largely unaware of the composition and quality of the evidence the government intends to present at trial on any of its charges.  Certainly, the Court is in no position to draw conclusions about which counts are supported by "physical evidence" and which counts are not, nor have the Other Defendants made any effort to educate the Court on what is otherwise their conclusory assertion. Defendants, in any event, will have more than ample opportunity to show, through for instance, cross-examination, why a jury should not consider their respective clients involved in Counts 21 and 22.  In addition, limiting instructions can be used, if appropriate.  *See Zafiro v. United States*, 506 U.S. 534, 539 (1993) ("less

11

drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.").

For these reasons, the Court finds that Defendants have failed to show prejudice under Rule 14(a) to overcome the presumption that "defendants jointly charged are to be jointly tried." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980).

## CONCLUSION

For the foregoing reasons, the motion to sever, Dkt. No. 748, and joinders, Dkt. Nos. 751, 760, 768, are DENIED.

IT IS SO ORDERED.

DATED: February 21, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*United States v. Miske, et al.,* Case No. 19-cr-00099-DKW-KJM; **ORDER DENYING MOTION TO SEVER COUNTS 21 AND 22 OF THE THIRD SUPERSEDING INDICTMENT**