IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DELIA FABRO-MISKE,        (12)<br><br>Defendant. | Case No. 19-cr-00099-DKW-KJM-12<br><br>**ORDER DENYING DEFENDANT DELIA FABRO-MISKE'S MOTION TO CONTINUE TRIAL**[1] |

Defendant Delia Fabro-Miske, pursuant to the Speedy Trial Act (STA), moves to continue the trial scheduled to begin in this case on January 8, 2024 by approximately four months on the ground that her present counsel require additional time to adequately prepare her defense. Dkt. No. 926. Specifically, Fabro-Miske argues that the failure to grant a continuance will prejudice her in light of the volume of discovery in this case and the scope of the investigative and trial preparation work necessary for counsel to provide effective representation.

Having reviewed the instant motion and related briefing, relevant case law, and the record generally, for the reasons set forth more fully below, the Court DENIES a continuance of the January 8, 2024 trial on the grounds set forth in the motion. Notably, the Court disagrees that Fabro-Miske has identified any specific

---

[1] Pursuant to Local Rule 7.1(c), the Court elects to decide this matter without a hearing.

prejudice that will befall her if compelled to begin trial on January 8, 2024—five months from now. In addition, the usefulness of a continuance, the inconvenience to the court, and Fabro-Miske's unclear diligence do not weigh in favor of the requested relief.

## RELEVANT PROCEDURAL BACKGROUND

On February 9, 2023, the Court appointed Fabro-Miske's present counsel, Donovan Odo and Marcia Morrissey, pursuant to the Criminal Justice Act (CJA). Dkt. Nos. 781, 788. On April 14, 2023, the Court granted co-Defendant Michael Miske's motion to continue trial, continuing the trial until January 8, 2024—the current scheduled start date. Dkt. No. 848.

On July 23, 2023, Fabro-Miske filed the instant motion to continue trial (motion). Co-Defendants Miske, John Stancil, and Dae Han Moon have filed statements of non-opposition to the motion. Dkt. Nos. 929, 934, 935. The government has filed a response that also does not oppose the motion. Dkt. No. 932. Co-Defendant Jarrin Young objects to the continuance sought by the motion. Dkt. No. 933.[2] On July 29, 2023, Fabro-Miske filed a reply in support of the motion. Dkt. No. 936. With briefing now complete, this Order follows.

---

[2] The remaining co-defendant who has not pled guilty in this case, Jason Yokoyama, did not respond to the motion.

## STANDARD OF REVIEW

The STA provides that a court may continue trial on the basis that the "ends of justice" outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The STA further provides that the "factors" to consider in determining whether to grant an "ends of justice" continuance include: (1) whether the failure to grant a continuance would result in a "miscarriage of justice"; (2) whether the case is "so unusual or so complex" that it would be unreasonable to expect adequate preparation within the time limits prescribed by the STA; and (3) whether, in a case that is not so unusual or complex, the failure to grant a continuance would deny defense counsel reasonable time for effective preparation, taking into account the exercise of due diligence. *Id*. § 3161(h)(7)(B)(i), (ii), (iv).[3]

A district court is afforded "broad discretion" in determining whether to grant or deny a motion for continuance. *Morris v. Slappy*, 461 U.S. 1, 11 (1983); *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). When reviewing whether a district court has abused its discretion in denying a motion for continuance, the Ninth Circuit Court of Appeals considers the following four factors: (1) the extent of the defendant's diligence in readying her defense prior to the date set for trial; (2) the likelihood that the continuance would serve a useful purpose; (3) the extent to which a continuance would inconvenience the district court, the parties, or witnesses; and

---

[3] To be precise, these are the grounds of the STA upon which Fabro-Miske relies in the motion. Dkt. No. 926 at 4-5.

(4) the extent of prejudice, if any, that the defendant would suffer from denying a continuance. *Flynt*, 756 F.2d at 1359; *United States v. Mejia*, 69 F.3d 309, 314-316 (9th Cir. 1995). The "most critical question" is the final factor—whether a defendant would be prejudiced from denying a continuance. *Mejia*, 69 F.3d at 316. In fact, a defendant cannot prevail on the appeal of the denial of a continuance if she fails to show prejudice as a result of the denial. *Flynt*, 756 F.2d at 1359.

Finally, the Ninth Circuit has explained that, when a continuance "arguably implicates a defendant's Sixth Amendment right to counsel, the court must consider the effect of its decision on this fundamental right." *United States v. Garrett*, 179 F.3d 1143, 1147 (9th Cir. 1999).

## DISCUSSION

As discussed, Fabro-Miske moves for a roughly four-month continuance of the trial date pursuant to the STA. She also argues that the four *Flynt* factors set forth above support her requested continuance. For the reasons set forth below, the Court disagrees that, on balance, the *Flynt* factors support a continuance here or that grounds exist under the STA for a further continuance. The Court begins with a discussion of the *Flynt* factors.

1. **Diligence**

Fabro-Miske asserts that, since the appointment of Morrissey and Odo on February 9, 2023, her defense has been diligent in reviewing the discovery in this

case. Dkt. No. 926 at 10. Although neither the motion nor the declaration of Morrissey to which it cites provides any detail on the review counsel has conducted or whether the same could be considered diligent,[4] on the current record, the Court will assume that *present* counsel have been taking action to ready Fabro-Miske's defense since February 9, 2023.

However, the Court disagrees with Fabro-Miske's implied contention that her diligence is measured solely from when most recent counsel were appointed. The first factor is instead concerned with the *defendant's* diligence in readying her defense. *Flynt*, 756 F.2d at 1359; *Mejia*, 69 F.3d at 315. Obviously, therefore, present counsel's efforts form a part of the defendant's overall diligence, but, equally obvious, present counsel's efforts do not form the totality of the same. And, here, there is no indication (let alone evidence) of the diligence of defendant's *prior* counsel in readying a defense during the roughly 18 months that prior counsel represented Fabro-Miske. In fact, present counsel suggest the opposite. *See* Dkt. No. 926 at 2.

In summary, therefore, the Court finds that, at best for Fabro-Miske, this factor neither weighs in favor of nor against a continuance.

---

[4]Specifically, while Morrissey's declaration details the discovery received (or not received) to date, at no point does counsel explain what level of review and/or investigation has been performed with respect to the same. *See* Dkt. No. 926-1 at ¶¶ 7-14.

**2.     Usefulness**

Fabro-Miske argues that a continuance is necessary due to the complexity of the case, the need to review discovery, and the limited time remaining before the start of trial in January 2024. Dkt. No. 926 at 10. Essentially, therefore, Fabro-Miske contends that a continuance would be "useful" because her counsel need more time to review discovery, something which a continuance would provide them. This is an insufficient showing of usefulness. If it was otherwise, every requested continuance would be useful for purposes of *Flynt* because every continuance necessarily provides counsel with more time. Case law requires something more than the convenience of additional time. For example, in *Flynt*, the continuance was "useful" because it allowed the defendant to present witnesses going to his defense of diminished mental capacity. 756 F.2d at 1360. In *Mejia*, the continuance was "useful" because it allowed the trial court to assess the demeanor of two detectives involved in an interview that was subject to a motion to suppress. 69 F.3d at 315-316. In *United States v. Rivera-Guerrero*, the continuance was "useful" because it allowed the defendant to present evidence that he should not be involuntarily medicated so as to make him competent to stand trial. 426 F.3d 1130, 1140-41 (9th Cir. 2005).

Thus, while a defendant is not required to show "specific evidence" of what she would introduce if a continuance was granted, she still must show that "evidence

helpful to [her] position could be produced….." *Id*. at 1140.   Here, in context, Fabro-Miske points to no evidence that she could not produce, nor any defense strategy she could not pursue, if trial was to remain in January 2024, as opposed to four months later.   Instead, as mentioned, she simply relies on the abstract notion of additional time giving her the ability to do some unknown thing(s) in the future.

This factor, therefore, does not weigh in favor of a continuance.

### 3.   Inconvenience

Fabro-Miske asserts that, while she understands that a continuance will cause "calendaring" inconvenience to the Court and may inconvenience the government, the same should not "override" her constitutional rights.   Dkt. No. 926 at 10. Fabro-Miske also contends that inconvenience to her co-defendants is not a part of the *Flynt* analysis.   *Id*. at 10 n.1.

As an initial matter, given that the government has not opposed the motion or otherwise expressed any "inconvenience" it may suffer from a continuance, the Court does not find that any such inconvenience exists with respect to the government.[5]   However, there is inconvenience to the Court, both in terms of

---

[5] The Court disagrees, though, with Fabro-Miske that inconvenience to her co-defendants is irrelevant under *Flynt*.   First, *Flynt* states that inconvenience to *opposing* parties should be considered.   756 F.2d at 1359.   Here, while three of her co-defendants have not opposed the motion, Young has.   Thus, it is hardly a stretch to consider him an *opposing* party for purposes of *Flynt*.   Second, in *Mejia*, the Ninth Circuit clarified the scope of this factor, stating that it concerned inconvenience to "the *parties*, the court, or other witnesses."   69 F.3d at 316 (emphasis added).   Here, Young, as a co-defendant, is certainly a party and, thus, falls within the scope of this factor.

"calendaring" as Fabro-Miske puts it *and* human resources and capital expended. With respect to the former, in order to prepare for the anticipated scope of pretrial motion practice and potential jury-pool review in this case, the undersigned has already begun rescheduling all assigned civil cases set for trial in the fall of 2023 to dates at least a year later. Fabro-Miske's requested continuance would require those cases to be rescheduled once again. With respect to the latter, as the parties are aware, the Court mailed out ability-to-serve questionnaires to 2,000 potential jurors in this State on August 4, 2023. *See* Dkt. No. 905. While that date was after the completion of briefing on the instant motion, *preparation* for mailing out those questionnaires, such as printing and preparing envelopes with the same, was not.[6] And this says nothing, four years into this proceeding, about the Court's calendar generally being held hostage to the ups and downs of this case and its anticipated trial length.

In summary, while the Court agrees with Fabro-Miske that, alone, inconvenience to the Court or another party may not justify denying an otherwise

---

[6] On the subject of questionnaires, in the motion, Fabro-Miske asserts, correctly, that proposed detailed juror questionnaires are due on August 9, 2023. Dkt. No. 926 at 3. She also then states that, because she has not completed discovery review, she is unable to identify "all" of her potential defense witnesses, information needed for the questionnaires. *Id*. This, however, should be of little concern. The purpose of the proposed detailed questionnaires is to reduce the time and effort spent on in-person jury selection by potentially weeding-out individuals in advance of summons who may not be suitable for jury service. Should that goal not be fully achieved because certain witnesses who have not yet been identified are not listed in the proposed detailed questionnaire, then so be it. It simply means that in-person jury selection may take slightly longer than it otherwise might have been.

reasonable continuance, the inconvenience here, like the other factors already discussed, does not support the continuance she requests.

## 4. Prejudice

Fabro-Miske argues that prejudice from denying her requested continuance is "apparent" in light of the volume of discovery and the scope of the remaining investigative work, such as interviewing witnesses and collecting documents. Dkt. No. 926 at 11. The Court disagrees.

As an initial matter, unlike on appeal, an inquiry into prejudice here must accept that there are still five months before jury selection begins in this case and nearly six months before the anticipated start of trial with opening statements. In other words, the prejudice inquiry now is forward-looking: *will* Fabro-Miske suffer prejudice, rather than *has* she suffered prejudice. On the current record, the Court cannot find that Fabro-Miske will be prejudiced by the trial schedule set forth above. As explained, Fabro-Miske has failed to show how any continuance will be useful to her. Further, at best, her diligence with respect to readying her defense is unclear. Finally, there is no basis on this record for the Court to find that Fabro-Miske will be able to pursue a defense strategy, interview witnesses, or review discovery only by continuing trial for four more months, as opposed to proceeding on the current schedule.

Therefore, this factor does not weigh in favor of the requested continuance.

**5.     Summary**

With none of the factors weighing in favor of a continuance, the Court does not find that *Flynt* supports the relief requested in the motion.  Further, in light of arguments in the motion that invoke Fabro-Miske's Sixth Amendment right to counsel, *see* Dkt. No. 926 at 6-7, the Court has considered the effect of this decision on said right.  *See Garrett*, 179 F.3d at 1147.  For the reasons set forth above, the Court does not find that going to trial roughly 11 months after the appointment of Fabro-Miske's most recent counsel will prejudicially affect her Sixth Amendment right to counsel.  For similar reasons, the Court also does not find that a basis exists to continue trial under the STA.  Specifically, the Court does not find that, under the circumstances here, it would be a miscarriage of justice or unreasonable for Fabro-Miske and her present counsel to be ready for trial in January 2024.

## CONCLUSION

For the reasons set forth herein, the motion to continue trial, Dkt. No. 926, is DENIED.

IT IS SO ORDERED.

DATED: August 7, 2023 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*United States v. Fabro-Miske,* Case No. 19-cr-00099-DKW-KJM-12; **ORDER DENYING MOTION TO CONTINUE TRIAL**