IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-cr-00099-DKW-KJM |
| Plaintiff, | **ORDER (1) GRANTING IN PART DEFENDANTS' JOINT MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES, AND (2) ADDRESSING CERTAIN OTHER JURY SELECTION MATTERS** |
| v. | |
| MICHAEL J. MISKE, JR.,          (1) | |
| JOHN B. STANCIL,                    (2) | |
| DELIA FABRO-MISKE,            (12) | |
| JASON K. YOKOYAMA,          (13) | |
| Defendants. | |

## ORDER

This matter comes before the Court with the filing of Defendants' joint motion for additional peremptory challenges ("joint motion"), pursuant to Federal Rule of Criminal Procedure 24(b), Dkt. Nos. 1025, 1028,[1] and the Court's invitation for the parties to address certain other jury selection matters on or before November 8, 2023.

Having reviewed the joint motion, the government's opposition to the same, the circumstances of this case, and applicable law, in the exercise of the Court's discretion in this area, *see United States v. Vaccaro*, 816 F.2d 443, 456 (9th Cir.

---

[1]Dkt. No. 1028 represents the "Errata" to Defendants' original joint motion, filed at Dkt. No. 1025.

1987), the joint motion is GRANTED IN PART.   Specifically, Defendants, jointly, shall be allowed three (3) additional peremptory challenges and the government one (1) additional peremptory challenge to be used against prospective jurors pursuant to Rule 24(b).[2]   To be clear, this will mean that, in toto, Defendants, jointly, shall have thirteen (13) peremptory challenges to be used against prospective jurors under Rule 24(b) and three (3) peremptory challenges to be used against alternate jurors under Rule 24(c).   The government, in toto, shall have seven (7) peremptory challenges to be used against prospective jurors under Rule 24(b) and three (3) peremptory challenges to be used against alternate jurors under Rule 24(c).

In light of the foregoing, once jury selection begins on January 8, 2024, the Court anticipates qualifying a total of forty-four (44) prospective and alternate jurors prior to the exercise of the parties' peremptory challenges.[34]   In selecting

---

[2]In the joint motion, Defendants contend that "[n]owhere in the text of the rule does the permission to grant additional peremptory challenges extend to the prosecution."   Dkt. No. 1028 at 2.   As at least one member of Defendants' counsel cohort should be more than aware, however, given that he was involved in the *Palafox* case cited in the joint motion, this, at best, ignores the language of Rule 24's Advisory Committee Notes, which specifically state that "the prosecution may request additional challenges in a multi-defendant case" when the Court grants additional peremptory challenges to the defendants.   This is precisely what has occurred here.
[3]This is because 44 prospective and alternate jurors equates to the following: 32 prospective jurors and 12 alternate jurors, which is the number required for the parties to fully exercise their peremptory challenges (26 in total), while seating 12 jurors and 6 alternates.
[4]The Court notes that the parties, despite an invitation from the Court at the November 1, 2023 status conference to address the matter in their briefing, did not address the Court's stated intent to qualify solely the number of individuals necessary for the parties to fully exercise their

jurors, the Court shall call twenty (20) prospective jurors each day for in-person questioning by counsel: ten (10) for the morning session of voir dire, and ten (10) for the afternoon session.   The Court will hear challenges for cause to each group of ten (10) jurors either at the conclusion of each session or at the end of each day, as time permits.

IT IS SO ORDERED.

Dated: November 14, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

_United States of America v. Michael J. Miske, Jr., et al_; Cr. No. 19-00099 DKW-KJM; **ORDER (1) GRANTING IN PART DEFENDANTS' JOINT MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES, AND (2) ADDRESSING CERTAIN OTHER JURY SELECTION MATTERS**

---

peremptory challenges, while sitting 12 jurors and 6 alternates.   The Court, therefore, declines to alter that plan.