IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-cr-00099-DKW-KJM |
| Plaintiff, | |
| v. | |
| MICHAEL J. MISKE, JR.,       (1)<br>JOHN B. STANCIL,              (2)<br>DELIA FABRO-MISKE,        (12)<br>JASON K. YOKOYAMA,     (13) | **ORDER ON MOTIONS IN LIMINE** |
| Defendants. | |

After filing and briefing on numerous evidentiary motions, including

motions in limine, and a December 8, 2023 hearing on the same, the Court issues

the following rulings on the parties' motions and other filings.[1]

## Government and Related Filings

1.       Notice of Intent to Admit Rule 404(b) Prior Acts Evidence (Dkt. No.

1016).   The government seeks to introduce evidence of an alleged prior act

involving Defendant Michael Miske.   The remaining trial defendants in this case

---

[1]This Order assumes the reader's familiarity with the arguments and purported facts underlying the evidentiary motions addressed herein.   In other words, this Order does not aspire to set forth any of the foregoing, the legal standards for the Court's rulings, or detailed explanations for the same.   Instead, the purpose of this Order is to provide the parties with the most expeditious rulings on the evidentiary and other issues presented at the December 8, 2023 hearing so that the parties can more effectively prepare for the trial in this case that begins on January 8, 2024 and for the numerous pretrial submissions, including exhibit and witness lists, jury instructions and verdict forms, that are due before the end of 2023.

(collectively, Defendants) oppose the Rule 404(b) notice by way of a motion in limine.   Dkt. No. 1072.   Defendants' motion, Dkt. No. 1072, is GRANTED because, *inter alia*, the gap in time between the two events, the first in 1995 and the second in 2015, is simply too great in light of prevailing law.   Further, contrary to the government's argument, the appropriate temporal reference point is not the onset of the alleged underlying Racketeer Influenced and Corrupt Organizations Act (RICO) conspiracy in the late 1990's.   The 1995 prior act is being offered in connection with what the Government believes is a similar act involving Miske and police department officers in 2015.

 2.     Motion in Limine to Admit Enterprise Proof and Preclude Incorrect Defense Argument (Dkt. No. 1039).   This motion, Dkt. No. 1039, is GRANTED IN PART, DENIED IN PART, and DEFERRED IN PART.   Because Defendants do not oppose the government's proposition that actions other than racketeering activity may be used to prove a racketeering enterprise, the motion is GRANTED to that extent.   The motion is DEFERRED, however, with respect to any particular act or acts, pending the government's attempt to introduce the same at trial and an appropriate objection, if any, to the same.   Further, because Defendants also do not oppose the principle that they cannot argue a racketeering enterprise "must" have formal structures, the motion is also GRANTED to that extent.   Defendants,

however, may offer evidence that the "lack" of formal structures is relevant to whether an enterprise existed, and, thus, to the extent the motion can be construed as aiming to exclude such evidence, it is DENIED.

3.      Motion in Limine to Preclude Improper Use of Charging Decisions and Plea Agreements (Dkt. No. 1041).   The motion, Dkt. No. 1041, is GRANTED IN PART and DENIED IN PART.   The motion is GRANTED IN PART, as unopposed, to the extent Defendants may not argue that the government's "charging decisions", such as who has been charged and the fact that certain charged were "dropped" in plea agreements, have legal or factual significance in this case.   The motion is GRANTED IN PART and DENIED IN PART with respect to factual stipulations within certain plea agreements.   Specifically, the motion is GRANTED IN PART with respect to the plea agreements of Jacob Smith and Lance Bermudez to the extent that Defendants may not argue that the *government* believes certain facts to be true, or has admitted to certain facts, based solely upon the factual stipulations contained in those plea agreements.[2]   The motion is DENIED IN PART with respect to the plea agreement of Kaulana Freitas

---

[2]This is because, upon review of the Smith and Bermudez plea agreements, the purported fact to which Defendants point—those individuals' actions not resulting in the death of any person—is not a fact with respect to which the government agreed.   *See* Dkt. No. 636 at 5, 7; *United States v. Smith*, Case No. 20-CR-86-DKW, Dkt. No. 52 at 7, 9 ("The *defendant* admits the following facts . . .")(emphasis added).

3

to the extent that Defendants may argue that the government has agreed that Freitas' conduct did not result in "substantial disruption of business functions or services."[3]    Finally, to the extent the motion can be construed as aiming to preclude Defendants from using any relevant plea agreement to show the alleged bias or incentive of a specific *witness*, the motion is DENIED.[4]

4.    Motion in Limine to Preclude Use of Polygraph Results (Dkt. No. 1042).    Having considered the parties' briefing and oral argument on this issue, the motion, Dkt. No. 1042, is GRANTED in light of Defendants' failure to cite a single specific case supporting its position for the admissibility of polygraph results, and the government's citation of numerous decisions supporting the preclusion of the same.

5.    Motion in Limine to (1) Admit Prior Statements and (2) Preclude Improper Use of 302s (Dkt. No. 1046).    The motion, Dkt. No. 1046, is GRANTED IN PART and DENIED IN PART.    The motion is GRANTED, as

---

[3]Unlike the prior footnote, this is because, in Freitas' plea agreement, the government, as one of the "parties" to the same, affirmatively agreed to this fact.    *See* Dkt. No. 435 at 12.    Because this is the only purported fact in the Freitas agreement to which Defendants cite, however, this ruling is limited to the same.    Dkt. No. 1177 at 3 n. 3.

[4]In their response, without reference to any obviously relevant argument in the government's motion, Defendants asserted that they intend to elicit facts from "prior investigations."    *See* Dkt. No. 1177 at 5.    Because the government was not afforded an opportunity to address this argument in writing, and the matter was not raised at the December 8, 2023 hearing, the Court declines to rule at this juncture on the admissibility (or lack thereof) of any attempt to elicit facts of the sort mentioned above.

4

unopposed, to the extent that, if the prerequisites of Federal Rule of Evidence 801(d)(1) are met, prior statements of a witness may be admitted for the truth of the matter asserted.   The Court, however, is not able to rule on whether any specific statement complies with the prerequisites of Rule 801(d)(1) at this time, based on the record provided.   Further, the motion is GRANTED, as unopposed, to the extent that reports of interviews (ROIs), such as Federal Bureau of Investigation (FBI) "302s", are not admissible under Rule 801(d)(1) unless the statements they contain have been adopted.   In all other respects with regard to ROIs, the motion is DENIED.

6.    Motion in Limine for Rulings on Statutory Headings in Racketeering Conspiracy Count (Dkt. No. 1048).   The motion, Dkt. No. 1048, is GRANTED IN PART and DEFERRED IN PART.   Because Defendants conceded the issue, the motion is GRANTED to the extent that the charged racketeering activity is not limited by the formal headings of statutory sections used in the Third Superseding Indictment (TSI).   With respect to the parties' arguments concerning conduct allegedly violating 18 U.S.C. Section 1512 and its use in establishing a pattern of racketeering activity under Count One of the TSI, the motion is DEFERRED, pending receipt of additional briefing from the parties pursuant to a separate order to be entered by the Court.

5

7. Motion in Limine Regarding Expert Testimony (Dkt. No. 1049) and Motion in Limine Regarding Forensic Expert Testimony (Dkt. No. 1062). At the December 8, 2023 hearing, the government acknowledged that the intent of these motions was to highlight potential issues for the Court, rather than seek specific rulings at this time. The parties also agreed that Rule 16 expert witness disclosures were necessary for a proper assessment of any potential issues. Therefore, these motions, Dkt. Nos. 1049 & 1062, are DEFERRED until the referenced disclosures are made and an appropriate objection, if any, is raised.

8. Motion in Limine to Impeach Defendant Michael Miske (Dkt. No. 1051). Having considered the instant motion and related briefing, as the Court indicated at the December 8, 2023 hearing, this motion, Dkt. No. 1051, is DEFERRED until an appropriate time at trial, if any.

9. Motion in Limine to Exclude Any References to Penalty (Dkt. No. 1052). The motion, Dkt. No. 1052, is GRANTED IN PART and DENIED IN PART. The motion is GRANTED to the extent that Defendants are precluded from referencing such things as jail, prison, or the terms of imprisonment that one or more of the *Defendants* may face. The motion is DENIED to the extent it can be construed as aiming to limit Defendants' cross-examination of *cooperating witnesses* for bias.

6

10.     Motion in Limine to Admit Business Records or Summaries Thereof (Dkt. No. 1054).   Having considered the instant motion and related briefing, because this motion is dependent on, at a minimum, the parties' exchange of exhibits and exhibit lists, which are not yet due, the Court DEFERS ruling on the motion, Dkt. No. 1054, until an appropriate objection, if any, is raised.

11.     Motion to Bifurcate Expert "Cast" Testimony (Dkt. No. 1056).   The motion, Dkt. No. 1056, is GRANTED IN PART and DEFERRED IN PART.   The motion is GRANTED IN PART, as unopposed, to the extent that expert "CAST" testimony, if any, may be bifurcated at trial.   The motion is DEFERRED, however, to the same extent as Dkt. Nos. 1049 & 1062, discussed above, on the *admissibility* of any expert "CAST" testimony until an appropriate objection, if any, is raised.

12.     Government's Motion in Limine Regarding the Exclusion of Witnesses from the Courtroom During Trial (Dkt. No. 1057); Defendant Delia Fabro-Miske's Motion in Limine No. 3 Regarding Witness Exclusion and Conduct (Dkt. No. 1106).   The government's motion, Dkt. No. 1057, is GRANTED IN PART and DEFERRED IN PART, and Fabro-Miske's motion, Dkt. No. 1106, is DENIED to the extent it seeks relief in addition to or different than that awarded under the government's motion.   First, the government's motion and Fabro-

Miske's motion are GRANTED to the extent they seek exclusion from the courtroom (and any overflow courtroom) of non-party witnesses pursuant to Federal Rule of Evidence 615, except as set forth herein.   Second, the government's motion is GRANTED, as unopposed, to the extent it seeks to prohibit disclosure of trial testimony to excluded non-expert witnesses or to prohibit such witnesses from accessing trial testimony.   Third, the government's motion is GRANTED, as more consistent with the new language and commentary of Rule 615, to the extent it seeks to prohibit disclosure of trial testimony to *expert* witnesses or to prohibit such witnesses from accessing trial testimony.   To be clear, in light of the objections raised by Defendants, the foregoing prohibition on disclosure of trial testimony *includes* "asking questions in trial preparation that disclose trial testimony in the substance of the question."   *See* Dkt. No. 1173 at 3. Fourth, the government's motion is GRANTED, as unopposed, to the extent that the government seeks to have one case agent present during trial.   Fabro-Miske's motion is DENIED, as legally unsupported, to the extent she seeks to have the government's case agent testify before any other witness or not at all, or to the extent her motion seeks to preclude the case agent from speaking with the government's witnesses to the extent permitted herein and by the Court's application of Rule 615.   Finally, the government's motion is DEFERRED to the

extent it seeks a ruling on the presence of certain family members of Johnathan

Fraser, pending receipt of additional briefing from the parties pursuant to a

separate order to be entered by the Court.

13.     Motion in Limine Regarding Out-of-Court Statements (Dkt. No.

1058).   Like with certain other motions addressed herein, the government does not

seek a ruling with respect to the potential issues raised in this motion.   The issues

have been raised principally to provide notice to the parties and to the Court.   As a

result, the motion, Dkt. No. 1058, is DEFERRED until an appropriate objection, if

any, is raised.

14.     Motion in Limine for Judicial Notice of Court Filings (Dkt. No.

1061).   The motion, Dkt. No. 1061, is GRANTED IN PART and DEFERRED IN

PART.   Specifically, the motion is GRANTED, as unopposed, to the extent it

seeks, with respect to the substance of Counts 21 and 22, judicial notice of the

filing and contents of a July 15, 2020 motion to detain Defendant Michael Miske,

two character letters submitted by Miske's counsel on his behalf, and certain

portions of an August 11, 2020 transcript concerning the motion to detain (*see* Dkt.

No. 1175 at 2).   The motion is also GRANTED to the extent it seeks, with respect

to the substance of Counts 21 and 22, judicial notice of "You know, I go back to

the collective letters in support[]", a comment made by Miske's counsel during the

August 11, 2020 detention hearing and reflected in the transcript of the same, because, while this statement may be overbroad as referencing letters beyond the two that are the subject of Counts 21 and 22, the Court disagrees with Defendants that it is not relevant or unfairly prejudicial.   To the extent the motion seeks relief with respect to Count 1, however, the motion (like Dkt. No. 1048) is DEFERRED, pending receipt of additional briefing from the parties pursuant to a separate order to be entered by the Court.   Finally, the motion is GRANTED, to the extent it seeks judicial notice of an April 3, 2006 letter from Defendant Miske that was submitted in *United States v. Miller,* Case No. 5-CR-498-DKW, because the Court disagrees that the same is not relevant to this case or unfairly prejudicial.

**<u>Joint Defense and Related Filings</u>**

15.   Motion to Exclude Coconspirator Statements and Hold Pre-Trial Hearing (Dkt. No. 1035).   The motion, Dkt. No. 1035, is GRANTED as follows. After the seating of a jury but before opening statements, the Court will hold a TWO-DAY hearing on the admissibility of statements under Federal Rule of Evidence 801(d)(2)(E), consistent with the timing and duration requested by Defendants.   Should the two-day hearing not permit the government to conclude its proffer as to the admissibility of statements under Rule 801(d)(2)(E), the Court shall nonetheless proceed to opening statements and make admissibility

determinations at an appropriate time before the close of the government's case-in-chief.[5]

16.     Motion in Limine No. 1 to Exclude Evidence of August 3, 2016 Attempted Murders (Dkt. No. 1036); Motion in Limine No. 2 to Exclude Evidence of August 27, 2016 Attempted Murder (Dkt. No. 1037); Motion in Limine No. 3 to Exclude Evidence of August 31, 2016 Attempted Murder (Dkt. No. 1038); Motion in Limine No. 4 to Exclude Evidence of September 20, 2016 Attempted Murder (Dkt. No. 1040); Motion in Limine No. 5 to Exclude Evidence of October 13, 2016 Attempted Murder (Dkt. No. 1043); Motion in Limine No. 6 to Exclude Evidence of October 27, 2015 Robbery and Arson (Dkt. No. 1045); Motion in Limine No. 7 to Exclude Evidence of March 4, 2017 Game Room Robbery (Dkt. No. 1047); Motion in Limine No. 8 to Exclude Evidence of September 12, 2016 Robbery and Assault (Dkt. No. 1050); Motion in Limine No. 9 to Exclude Evidence of August 24, 2016 Home Invasion Robbery (Dkt. No. 1053); Motion in Limine No. 10 to Exclude Evidence of May 14, 2016 Robbery (Dkt. No. 1055); Motion in Limine No. 11 to Exclude Evidence of February 24, 2016 Robbery and Assault (Dkt. No. 1059); Motion in Limine No. 12 to Exclude Evidence of May 8, 2016 Conspiracy to Commit Robbery (Dkt. No. 1060); and Motion in Limine No. 22 to Exclude

---

[5]Like the Court's trial schedule, each day of the two-day hearing will run from 8:30 a.m. to 1:30 p.m., with short breaks, as permitted by the Court.

Evidence of Conspiracy to Commit Robbery Between Around 2016 and 2018

(Dkt. No. 1076).   The motions set forth in the preceding sentence are all

DEFERRED.   Specifically, review of the briefing and oral argument on the same

reflects that the motions, and the government's oppositions, are all premised on

each side's competing interpretations of the evidence.   Because no evidence has

yet been received, though, the Court is not in a position at this time to make an

admissibility determination with respect to any of the parties' disputes.[6]

17.     Joint Defense Motion in Limine No. 13 to Exclude Evidence of

Alleged Robberies in the 1990s (Dkt. No. 1063); Motion in Limine No. 15 to

Exclude Evidence of Alleged Cocaine Purchases in the 1990s (Dkt. No. 1065); and

Motion in Limine No. 16 to Exclude Evidence of Alleged Drug Distribution in the

1990s (Dkt. No. 1066); Defendants Fabro-Miske, John Stancil, and Jason

Yokoyama's Motion in Limine No. 1 to Exclude Evidence of Alleged Robberies in

the 1990s (Dkt. No. 1069); Motion in Limine No. 2 to Exclude Evidence of

Alleged Cocaine Purchases in the 1990s (Dkt. No. 1070); and Motion in Limine

No. 3 to Exclude Evidence of Alleged Drug Distribution in the 1990s (Dkt. No.

1071).   All of the motions set forth in this paragraph, Dkt. Nos. 1063, 1065, 1066,

---

[6]With respect to three of the motions in this paragraph, Dkt. Nos. 1038, 1040, and 1060, the government offered to not use the cited conduct during its case-in-chief provided that Defendants agreed not to use the same conduct for impeachment.   At the December 8, 2023 hearing, Defendants rejected that proposal and, thus, it is unnecessary for the Court to address it further.

1069-1071, are DENIED.   First, although it was the principal argument in all of the motions, at the December 8, 2023 hearing, Defendants acknowledged that conduct from the 1990s did not "pre-date" the alleged racketeering conspiracy in this case.   Second, no specific conduct is identified in the motions, making it impossible for the Court to determine whether evidence exists to support the admissibility of the same.   Third, as the government points out in its opposition, it is irrelevant for Defendants' *conspiratorial* liability whether a Defendant was a minor in the 1990s or a particular business existed at that time.   *See* Dkt. No. 1122 at 3-4.   Finally, with respect to the motions of Defendants Fabro-Miske, Stancil, and Yokoyama, their request for trial severance is DENIED, not the least because they make no attempt to explain why severance is warranted here based upon any relevant legal authority.

18.   Motion in Limine No. 14 to Exclude Evidence Related to Obtaining a Private Room at a Karaoke Bar (Dkt. No. 1064).   Because the factual basis for the admissibility of this alleged incident is unclear from the parties' briefing, the motion, Dkt. No. 1064, is DEFERRED until evidence is offered at trial and an objection, if any, is raised to the same.

19.   Motion in Limine No. 17 to Exclude Evidence Related to Petty Misdemeanor Offense and Disagreement Over HPD's Conduct During Liquor

Inspection (Dkt. No. 1067).   The motion, Dkt. No. 1067, is GRANTED IN PART and DENIED IN PART.   The motion is GRANTED, as unopposed, to the extent that evidence of Defendant Miske's 2016 no contest plea—for not obeying the command of a police officer—may not be introduced at trial.   The motion is further GRANTED to the extent that in eliciting testimony on this issue, and in particular from Officers Jared Spiker and Albert Lee, witnesses may identify or otherwise refer to the "high ranking prosecutor" allegedly involved in this incident by *position* only.   In all other respects, this motion is DENIED because, with the relief granted above, the Court disagrees that the probative value of the evidence is outweighed by any unfair prejudice.

20.     Motion in Limine No. 19 to Exclude Evidence of Alleged Assaults Between 2003-2018 (Dkt. No. 1073).   This motion, Dkt. No. 1073, is DEFERRED.   The parties' disputes with respect to this motion concern whether various alleged assaults involve the use of a deadly weapon or serious bodily injury and, if not, the relevance and/or prejudice of the same.   Because no evidence has yet been received, though, the Court is not in a position at this time to make an admissibility determination with respect to any of the parties' disputes.

21.     Motion in Limine No. 20 to Exclude Evidence of August 18, 2012 Refusal to Return Monies Paid at M Nightclub (Dkt. No. 1074).   The motion, Dkt.

14

No. 1074, is DEFERRED, pending receipt of additional briefing from the parties pursuant to a separate order to be entered by the Court.

22.     Motion in Limine No. 21 to Exclude Testimony of Certain Witnesses (Dkt. No. 1075).   The motion, Dkt. No. 1075, is GRANTED because the Court agrees with Defendants that there is very little, if any, relevance to the evidence at issue on this matter that concerns the 1996 disappearance of Rick Calhau, and, whatever relevance there may be is outweighed by unfair prejudice, confusion of the issues, and the undue consumption of time at trial.

**Defendant Fabro-Miske's Filings**[7]

23.     Motion in Limine No. 1 Regarding Daily Transcripts (Dkt. No. 1104). The motion, Dkt. No. 1104, is DENIED WITHOUT PREJUDICE because Fabro-Miske makes no showing of cause or need (or anything else) for why *daily* trial transcripts are necessary in this case, let alone set forth any legal standard for the same.

24.     Motion in Limine No. 2 Regarding Advance Notice of Witnesses (Dkt. No. 1105).   The motion, Dkt. No. 1105, is GRANTED IN PART to the extent that the parties shall provide notice of the witness(es) they expect to take the stand by 4:30 p.m. *two business* days in advance of their projected testimony.   So

---

[7]The Court notes that Motion in Limine Nos. 1-8 of Defendant Fabro-Miske, Dkt. Nos. 1104-1111, appear to have been joined in by Defendants Stancil and Yokoyama.

the foregoing is clearer, should a party project that a witness will testify on a Monday, notice of such testimony must be provided by 4:30 p.m. on the preceding Thursday.   For a witness likely to testify on a Friday, notice would be required by 4:30 p.m. on Wednesday of the same week.

25.     Motion in Limine No. 4 to Bifurcate Trial on Forfeiture Allegations (Dkt. No. 1107).   The motion, Dkt. No. 1080, is GRANTED as unopposed.   *See* Fed.R.Crim.P. 32.2(b)(1).   Further, in its response to this motion, Dkt. No. 1149, the government argued that Defendants should be required to elect whether to seek a jury determination on forfeiture before trial begins.   The Court declines to require such an election at this time and will revisit the issue at a later juncture.

26.     Motion in Limine No. 5 Regarding Production of Grand Jury Transcripts (Dkt. No. 1108).   The motion, Dkt. No. 1108, is DENIED, as without legal support.   Grand jury transcripts will remain due on the current schedule.

27.     Motion in Limine No. 6 to Allow Additional Motions in Limine Based on New Discovery (Dkt. No. 1109).   The motion, Dkt. No. 1109, is DENIED WITHOUT PREJUDICE upon a proper showing of cause at an appropriate time, if any.

28.     Motion in Limine No. 7 to Designate All Government Witnesses as Under Defense Subpoena Unless Released (Dkt. No. 1110).   The motion, Dkt. No. 1110, is DENIED, as without legal or persuasive support.

29.     Motion in Limine No. 8 to Limit Fabro-Miske's Liability for Substantive Offenses Before She Allegedly Entered the Charged Conspiracy (Dkt. No. 1111).   The motion, Dkt. No. 1111, is DENIED.   As the government points out in its opposition, Fabro-Miske is not *substantively* charged with any of the offenses she lists in her motion.   *See* Dkt. No. 1160 at 4-5; *see also* Dkt. No. 673 (Third Superseding Indictment).   To the extent the goal of this motion was to obtain specific jury instruction language, Fabro-Miske (like the other parties) may *propose* any such language at the appropriate time.

30.     Motion in Limine No. 9 Regarding Instruction that Employment or Association with Michael Miske is Not Illegal (Dkt. No. 1085).   The motion, Dkt. No. 1085, is DENIED as premature.   Fabro-Miske (like the other parties) may *propose* jury instruction language at the appropriate time.

31.     Motion in Limine No. 10 to Limit the Number of In-Court Displays and Photographs of Weapons (Dkt. No. 1086).   The motion, Dkt. No. 1086, is DEFERRED until the government offers evidence of the sort discussed in the motion and an objection, if any, is raised to the same.

17

32.     Motion in Limine No. 11 to Exclude Evidence of Unnoticed, Uncharged Conduct (Dkt. No. 1088).   The motion, Dkt. No. 1088, is DENIED, as no specific conduct is identified therein.

33.     Motion in Limine No. 12 to Exclude Improper Lay Witness Testimony (Dkt. No. 1089).   The motion, Dkt. No. 1089, is DENIED WITHOUT PREJUDICE to renewal should testimony of the sort discussed in the motion be elicited at trial.

34.     Motion in Limine No. 13 to Join in All Other Motions in Limine Applicable to Fabro-Miske (Dkt. No. 1090).   This motion, Dkt. No. 1090, is MOOT.

35.     Motion in Limine No. 14 to Exclude Evidence Not Timely Produced (Dkt. No. 1091).   The motion, Dkt. No. 1091, is DENIED, as no specific evidence is identified therein.

36.     Motion in Limine No. 15 Regarding Cell Phone Downloads (Dkt. No. 1092).   The motion, Dkt. No. 1092, is DENIED, as Fabro-Miske offers no legal support for the purported requirement on the part of the government to synthesize, as Fabro-Miske requests, cell phone download excerpts that may be used at trial. This is particularly so prior to the exchange of exhibits and exhibit lists.

37.     Motion in Limine No. 16 to Exclude Testimony of Any Government Witness Having Received Payment or Other Consideration, or, Alternatively, For a Jury Instruction About Such Testimony (Dkt. No. 1093).   The motion, Dkt. No. 1093, is DENIED.   To the extent the motion seeks exclusion of government witnesses, it is without any legal support.   To the extent the motion seeks specific jury instruction language, like other such motions, Fabro-Miske (and the other parties) may *propose* any such language at the appropriate time.

IT IS SO ORDERED.

Dated: December 14, 2023 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

*United States of America v. Michael J. Miske, Jr., et al*; Cr No. 19-00099 DKW-KJM; **ORDER ON MOTIONS IN LIMINE**

19