IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. MISKE, JR.,　　(1)<br>JOHN B. STANCIL,　　　　　(2)<br>DELIA FABRO-MISKE,　　　(12)<br><br>　　　　Defendants. | Case No. 19-cr-00099-DKW-KJM<br><br>**ORDER (1) DENYING GOVERNMENT'S REQUEST FOR A SEMI-ANONYMOUS JURY, AND (2) ADDRESSING OTHER JURY-RELATED MATTERS** |

# ORDER

On December 27, 2023, for the first time, the government moved for the Court to empanel a "semi-anonymous" jury. Dkt. No. 1198 at 23-29. In the government's parlance, *semi*-anonymous means that, while the Court and counsel for all sides would have access to identifying information, such as the names, of potential jurors, Defendants would not. *Id.* at 24. The government's request, however, ignores an important fact: identifying information relating to prospective jurors, including names, has been known to defense counsel since at least the beginning of October 2023—nearly three months ago—with no restriction on counsel's ability to share that information with Defendants. Therefore, for this

and other reasons set forth more fully below, the government's request for a semi-anonymous jury is DENIED.

A district court's decision to empanel an anonymous jury is reviewed for an abuse of discretion. *United States v. Shryock*, 342 F.3d 948, 970 (9th Cir. 2003). "[E]mpaneling an anonymous jury is an unusual measure that is warranted only where there is a strong reason to believe the jury needs protection or to safeguard the integrity of the justice system, so that the jury can perform its factfinding function." *Id*. at 971. In weighing such a decision, courts have considered factors, such as:

> (1) the defendants' involvement with organized crime; (2) the defendants' participation in a group with the capacity to harm jurors; (3) the defendants' past attempts to interfere with the judicial process or witnesses; (4) the potential that the defendants will suffer a lengthy incarceration if convicted; and (5) extensive publicity that could enhance the possibility that jurors' names would become public and expose them to intimidation and harassment.

*Id*. "These factors are neither exclusive nor dispositive, and the district court should make its decision based on the totality of the circumstances." *Id*.

In the context of this case, the Court does not find the above-mentioned factors, even if applicable, outweigh certain simple facts of the jury selection process that has played out to-date. Notably, in this case, jury selection began, at

least for the parties, in early October 2023—nearly three months ago. Specifically, due to the suspected need for a larger-than-normal jury pool, it was necessary to begin the substantive screening of jurors for cause far earlier than would ordinarily be the case. As a result, after consultation with the parties on the type and nature of questions to be included, substantive questionnaires were sent to potential jurors. *At no point in this process* did the government ask for identifying information of jurors to be in any way redacted, even though the proposed substantive questionnaire clearly showed that information, such as names, would be included. *See* Dkt. No. 947 at 5; Dkt. No. 969 at 3.[1] Similarly, *at no point in this process* did the government ask the Court to restrict the dissemination of the information provided in the questionnaire responses. As a result, upon receipt of these questionnaire responses from potential jurors, the Court began providing them to the parties, without restriction, on a rolling basis starting in early October 2023 and continuing for approximately five weeks until November 2023. *See* Dkt. No. 981 (Scheduling Order); Dkt. No. 1032. Further, during four separate and lengthy hearings that focused on evaluating whether to strike potential jurors for cause, counsel for both sides repeatedly mentioned jurors by name *in the presence* of each of the remaining Defendants. *See* Dkt. Nos. 1004, 1012, 1019,

---

[1] In citing Dkt. Nos. 947 & 969, the Court cites to the page numbers assigned by CM/ECF in the top right corner of the filing, *i.e.*, "Page 5 of 34."

1032.  *At no point in this process* did the government ask for identifying information of jurors to be in any way redacted or anonymized.  In other words, even though defense counsel has been free to share identifying information included in the substantive questionnaires with their clients since at least October 2023, only now, on the eve of trial, does the government move to have that same information restricted from Defendants' view.  To put it simply, the government's request is too late.  *Cf.* Dkt. No. 1198-2 at 3 (*United States v. Frazier*, Case No. 3:17-cr-00130 (M.D. Tenn. Apr. 2020), where the court also used a pre-voir dire questionnaire that did *not* give the parties access to jurors' names).

The aforementioned time lapse also undermines the government's contention that anonymity is necessary here to ensure jury protection because, as far as the Court has been made aware, not one of the potential jurors in this case has been contacted or otherwise interfered with by one of the Defendants.  In this light, the Court does not find persuasive the government's assertion that Defendants have engaged in "multiple instances of witness tampering…."  Dkt. No. 1198 at 23.[2]  The Court also does not find persuasive, at least alone, the government's reliance on the "nature" of the charges in this case.  *Id*.  And, unlike in other cited examples, here, the Court does not find "something more" in

---

[2]That being said, the government does not delineate the *multiple* instances of witness tampering to which it refers, and the Court is also not aware of such instances.

4

combination with the charges, given the information that is already known to the defense.  Cf. *Shryock*, 342 F.3d at 972 (citing *United v. Vario*, 943 F.2d 236, 241 (2d Cir. 1991), for the proposition that use of words like "organized crime" does not warrant an anonymous jury unless there is "something more", such as a likelihood of obstruction of justice).

For the foregoing reasons, the government's request for empanelment of a semi-anonymous jury, Dkt. No. 1198 at 23-29, is DENIED.

Finally, in other jury-related matters, first, at the December 29, 2023 Final Pretrial Conference, Defendants made requests with respect to the advance notice of jurors scheduled to appear for selection starting on January 8, 2024.  Those requests are GRANTED IN PART and DENIED IN PART as follows.  Defendants will be provided with notice of jurors' identity **two (2)**, rather than one (1), **business days** prior to their appearance.  For example, the identity of jurors scheduled to appear on January 8, 2024 will be provided to all parties on January 4, 2024.  The identity of jurors scheduled to appear on January 10, 2024 will be provided to all parties on January 8, 2024.  Such notice will be provided by the Court's Jury Office by the end of the pertinent business day.

Second, as previously discussed (*see* Dkt. No. 1032), groups of ten (10) jurors were randomly created for each morning and afternoon session of individual

5

voir dire.   Since the creation of these groups, the Court has received additional requests for excusal from the jury pool due to alleged hardship.   In certain instances, the Court has approved those hardship requests where substantiation has now been provided that was not provided at the time of screening ability-to-serve questionnaires.   Because of this, the Court provides notice to the parties that certain groups of jurors scheduled to appear starting from January 8, 2024, will be less than the originally intended number of ten.

    IT IS SO ORDERED.

    Dated: January 4, 2024 at Honolulu, Hawaiʻi.

_____
Derrick K. Watson
Chief United States District Judge